# SUPREME COURT OF THE UNITED STATES

No. 24A982

### JOHN DOE, ET AL. *v.* SEATTLE POLICE DEPARTMENT, ET AL.

ON APPLICATION FOR STAY

[June 4, 2025]

The application for stay presented to JUSTICE KAGAN and by her referred to the Court is denied.

Statement of JUSTICE ALITO, with whom JUSTICE THOMAS joins, respecting the denial of the application for a stay.

I concur in the Court's denial of the application for a stay pending the filing of a petition for a writ of certiorari. Among other things, the applicants do not appear to have requested a stay from the Washington Supreme Court or any other Washington court prior to asking this Court for a stay. See this Court's Rule 23. Furthermore, the mandate of the Washington Supreme Court was issued more than a month ago, and the applicants have not adequately explained why at this point they still face an imminent danger of irreparable harm. App. to Opposition to Application for Stay of Mandate 4a–5a.

The Court's denial of this application, however, should not be read as an endorsement of the decision below or its interpretation of the First Amendment. The applicants are four current or former Seattle police officers who were investigated in connection with their presence in Washington, D. C., on January 6, 2021. It was found that three of these officers attended the rally on the National Mall but did not proceed from there to the U. S. Capitol and instead returned to their hotels. See 563 P. 3d 1037, 1045 (Wash.

2025). The fourth applicant went to the U. S. Capitol, but it was not found that he engaged in any illegal or unprofessional conduct, such as trespassing in restricted areas. *Ibid.* The applicants claim—and respondents do not contest—that during the investigation they were asked, on threat of losing their jobs, about their political viewpoints and motivations. Application 5–6, 18.* The applicants ask only that their names be redacted from those investigatory records if they are released. *Id.*, at 6.

We have held that the First Amendment provides a measure of protection for the right to engage in anonymous political expression. See, *e.g.*, *Talley* v. *California*, 362 U. S. 60, 64 (1960); *Watchtower Bible & Tract Soc. of N. Y., Inc.* v. *Village of Stratton*, 536 U. S. 150, 166–167 (2002). The applicants contend that this right will be violated if both their identities and their responses to questions on sensitive subjects are revealed.

The Washington Supreme Court sidestepped this argument. It reasoned that the applicants had no protected right regarding the fact that they attended public events in Washington on January 6 because they failed to produce "any evidence demonstrating they took measures to attend the [January 6] rally anonymously." 563 P. 3d, at 1053. But that reasoning ignores the fact that the officers challenge the disclosure of their responses to investigatory questions, not merely the fact of their presence in Washington, D. C.

Our denial of review in this case should not be taken as

_____

*According to the applicants, they were asked: "Why did they attend the January 6th Rally?" "Who did they plan to attend the Rally with?" "Were they at [the] January 6th Rally to articulate their political views?" "Were they showing support for a political group by attending the January 6th Rally?" Were they affiliated with any political groups?" "What were their impressions of, and reactions to, the content of the January 6th Rally?" "Why was their mere attendance at the January 6th Rally professional conduct?" Application 18.

manifesting any degree of support for the proposition that the disclosure at issue in this case is consistent with the First Amendment.